State *ex rel.* Nealis *v.* Nolan.

8L 663
2pi 208

STATE *ex rel.* M. NEALIS *v.* NOLAN, Comptroller.

MANDAMUS. *Costs in criminal cases.* An account for boarding several juries was made against the State in felony cases where the State had been adjudged liable for costs, and on motion a judgment was entered against the State for the aggregate amount. *Held*, the judgment was a nullity. Costs had already been adjudged and should have been certified with the other costs. No other mode is by statute provided. The proceeding was not a motion to re-tax costs.

---

FROM DAVIDSON.

---

Appeal in error from the Circuit Court of Davidson county. FRANK T. REID, J.

JOHN RUHM for Nealis.

ATTORNEY-GENERAL LEA and SAMUEL WATSON for Comptroller.

FREEMAN, J., delivered the opinion of the court.

This is an application for *mandamus*, to compel the comptroller to issue his warrant for payment of account claimed to be due the relator for boarding juries, in cases of felonies of various grades, that seem to have been before juries in the criminal court of Shelby county. The accounts are claimed, and show on their face, the service to have been rendered, commencing in October, 1864, and closing in October, 1866—the items are of like kind and run through the intermediate terms from and to the dates stated.

State *ex rel.* Nealis *v.* Nolan.

The claim of the relator is put in this form in the record: July 8th, 1876, a motion was made before Judge John D. Adams, the then judge of the criminal court of Shelby county, by claimant, the attorney-general being present representing the State, to have the court allow him for boarding jurors in the following cases, to-wit,—the number mentioned—when by consent of the parties the court directed a consolidated entry to be made of its judgments,. reciting in said judgment that it appeared to the court the cases mentioned were felony cases, tried and ended in the criminal court of Memphis, and that the State of Tennessee was adjudged liable for the costs in each and all of said cases, in accordance with law; and it further appearing that said Nealis boarded the jurors whilst trying each of said cases for the number of days stated opposite to each case; and it further appearing to the court that said Nealis has never been paid any part of the compensation for boarding the jurors in any of said cases; and it further appearing that the amount hereinafter stated .opposite the name of each defendant so tried is still due and unpaid. The court having separately considered and acted on each case and item. The cases and items due for board, as aforesaid, are as follows—setting out each case, with the amount due.

Upon which a regular judgment is entered against the State for the whole amount found due, amounting to $702, and the clerk is ordered to certify the same for payment to the comptroller of the treasury. On . this judgment the present proceeding is based, as a judgment against the State.

There was a demurrer filed by counsel for the State, which we need not notice at present, it having been overruled. It simply presented .the · question of sufficiency of certificate—and the Statute of Limitations. The answer makes several defenses:

First. That the only evidence upon which a claim of this sort can be paid by law, is the certificate of the judge and attorney-general to the correctness of the bill of' costs.

Second. Lapse of time, creating a presumption of payment, which must be removed by relator.

Third. That he will show actual payment. Statute of limitations of six years since right of action accrued—and then the statute of ten years against the original judgment.

We omitted to state, that relator filed with an amended petition, stating the fact, that the bill of costs had been examined and found correct, just and due, and rightfully chargeable to the State, a certificate. This certified to by T. H. Logwood, judge of criminal court, and L. E. Wright, attorney-general. This had been, as charged, appended before the account was presented to comptroller Gaines, October 20th, 1876, who declined to pay it.

We need only say, that it is not necessary to discuss the ground on which his Honor, the circuit judge, seems to have mainly rested his judgment in favor of the defendant, that is, that the suit was a suit against the State, in the sense ·of the act of 1873, sec. 2, prohibiting suits against the State, or any officer acting by authority of the State, with a view to reach the

State, its treasury, funds or property. The cases of *Akers and Union Publishing Co.* v. *Burch, comptroller*, 12 Heis., 613, and *State, etc., ex rel. Marchbanks* v. *Gaines*, MS., Nashville, Feb., 1880, sustain the right of a party having a claim, to compel the comptroller to audit it, and issue his warrant, if properly presented and authenticated, whether there was any appropriation or funds in the treasury to meet it or not. Besides, the question is not presented by motion, plea, or demurrer of the law officer of the State or counsel employed for the State, as required by the act of 1873, sec. 2.

On the state of facts we have given, several questions present themselves for our decision. It is evident this claim is a stale one, and comes stamped with more or less suspicion as to its correctness. Persons do not often, if ever, allow such claims to go from ten to fourteen years, before having them put in shape for presentation to the comptroller for a warrant, and to the treasurer for payment.

We take it, the first and main question is as to the validity and effect of the judgment rendered in 1876, by the criminal court of Shelby county. Is this valid and effectual as a judgment? This is not a motion to re-tax costs omitted in taxing the bill of costs under sec. 3211 of the Code, and does not purport to be such. On its face it shows that it is not the original judgment authorized to be rendered against the State, as the result of the trial of a party accused of felony, where the State may be adjudged to pay the costs. On the contrary, it shows that a judgment for costs had been theretofore rendered in each case, and

State *ex rel.* Nealis *v.* Nolan.

the State adjudged liable for the costs. *Prima facie,*
the costs were then taxed, and taxed properly, and
we may add, there is a strong presumption or infer-
ence, paid.     By sec. 5577 of the Code, the costs which
may be adjudged in criminal cases include all costs
incident to the arrest and safe-keeping of the defend-
ant before and after conviction, due and incident to
the prosecution and conviction, and incident to the
carrying of the judgment or sentence of the court into
effect.

The cost of keeping or boarding a jury, it seems
to us, was necessarily included in and came under that
clause.     The judgment was thus rendered for costs,
and all costs properly due under secs. 5581 and 5581 *a,*
and 5585 *et seq.* of the Code.

It then became the duty of the clerk to make out
what is known as the bill of costs, which shall "show
the specific items, and be examined, entered of record,
and certified to be correct by the court or judge be-
fore whom the cause is tried or disposed of, and also
by the district attorney:" Sec. 5569, act of 1832.

Section 5570: A copy of the *judgment* and bill of
costs, certified by the clerk of the court and by the
attorney-general and judge, as provided in the preced-
ing section, shall be presented to the comptroller, chair-
man of county court, etc., whereupon a warrant shall
issue for the amount," etc.

The bill of cost itemized, after examination, to be
entered of record, is not, by sec. 5569, to be made
the basis of a judgment, nor is any required or au-
thorized to be rendered by that section.     The judg-

ment referred to in the succeeding section is evidently the original judgment against the State. The reference to the preceding section, are to the certificates required, and form of authentication.

Section 5578 has no reference to this case, and cannot aid relator. It simply provides: "The judgment for costs may be rendered at the time of *conviction,* or upon motion, at any subsequent term thereto, and execution awarded accordingly."

This evidently refers to judgment against a party against whom execution is to issue, and not to a bill of costs on judgment already rendered against the State.

It follows, that the so called judgment of 1876, rendered against the State, is unauthorized, and has no effect whatever as a judgment. Such a judgment against the State—that is, a judgment for costs—is purely statutory. It is also clear from this view, that the proper statutory evidence was not presented to the comptroller, on which he was required to issue the warrant in such cases.

In view of the lapse of time, and suspicions that necessarily attach to this claim under the circumstances, we feel no inclination to extend any liberal construction to our statutes in favor of it. On the contrary, to protect the treasury from fraudulent claims of like kind, it is our duty to require the letter of the law to be observed in all such cases, or hold them not sustainable.

The result is, that for different reasons, we think the judgment of the circuit judge correct, and the same is affirmed with costs.